**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

TIMOTHY POSTELL,

                   Petitioner,

vs.

CARL HUMPHREY,

                   Respondent.

|  |  |
|---|---|
| : | |
| : | |
| : | |
| : | |
| : | 1:05-CV-96(WLS) |
| : | |
| : | |
| : | **PROCEEDINGS UNDER 28 U.S.C. § 2254** |
| : | <u>**BEFORE THE U.S. MAGISTRATE JUDGE**</u> |

_____

<u>**ORDER**</u>

      The above named petitioner filed this petition seeking a writ of habeas corpus.  Petitioner also seeks leave to proceed without prepayment of the filing fee or security therefor under 28 U.S.C. § 1915.  As it appears petitioner is unable to pay the cost of commencing this action the request to proceed *in forma pauperis* is **GRANTED**.

      **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, the petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition.  If amended, the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his amended habeas petition.  See Rule 9(b) of the Rules Governing Section 2254 Cases.

1

**IT IS FURTHER ORDERED** that the respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be dismissed or shall explain in writing to the court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the court. Unless and until the petitioner demonstrates to this court that the state habeas court's fact finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of this habeas petition will be limited to an examination of the evidence and others matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this order shall be served by the Clerk by certified mail on the respondent and on the Attorney General of the State of Georgia.  The Clerk of the Court is further directed to serve a copy of this order upon the petitioner. The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 2nd  day of August, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh