IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY POSTELL, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **1 : 05-CV-96 (WLS)** |
| | : | |
| CARL HUMPHREY, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Presently pending in this 28 U.S.C. § 2254 action is the respondent's Motion to Dismiss based on an untimely filing. The petitioner was convicted of theft charges on three (3) different occasions, in October 1993 and January 1995 based on guilty pleas, and in March 1997 following a jury trial. The petitioner received five (5) years probation on the 1993 conviction, ten (10) years probation on the 1995 conviction, and a split sentence of five (5) years to serve, five (5) years probation on the 1997 conviction. Based on yet another theft charge, petitions were entered to revoke the petitioner's probationary periods in May 2001. Following a July 2001 probation revocation hearing, the remainder of each sentence of probation was revoked. The petitioner did not file a direct appeal, but did challenge the revocation in a state habeas petition filed in the Superior Court of Mitchell County in September 2002. The state habeas court granted relief in part, finding that the superior court lacked authority to revoke petitioner's probation on the split sentence, as the petitioner was on parole on that sentence at the time of the revocation hearing. The Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and ultimately denied relief in October 2004. Petitioner filed this

federal habeas petition on July 18, 2005.

The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The respondent asserts that the petitioner did not file a direct appeal of his conviction, making it final on or about August 10, 2001, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from August 10, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was not filed until September 24, 2002, and this federal petition was not filed until July 18, 2005.

In his response to the respondent's Motion to Dismiss, the petitioner quotes various passages from the transcript of his state habeas hearings, and argues that he was not properly or timely informed of his right to appeal the probation revocation(s). The petitioner also seems to argue that his notice of appeal was incorrectly docketed in another case. Petitioner initially raised the alleged lack of notice as to the right to appeal his revocation as a ground for relief in his state habeas petition, but later abandoned this claim. The transcripts from petitioner's state habeas proceedings

reveal that the petitioner filed a notice of appeal of the probation revocation on August 15, 2001, and filed an actual appeal on August 29, 2001, but he ultimately dismissed the pending appeal in March 2003, in order to pursue state habeas relief.

Neither the petitioner nor the respondent has submitted any records pertaining to the petitioner's appeal of his probation revocation. Although it appears that said appeal was not timely filed, the petitioner maintains, supported by testimony in his habeas hearings, that said appeal was filed and pending as of March 2003. Based on the lack of conclusive information before the court as to the filing and pendency of an appeal of petitioner's revocation, and the impact of this appeal on the issue of untimeliness herein, the respondent is hereby **ORDERED AND DIRECTED** to submit any documentation regarding the appeal of petitioner's probation revocation and to brief the issue of the relevance of said appeal on the issue of timeliness herein. The respondent shall have fifteen (15) days from the date of this order in which to comply with this order.

**SO ORDERED**, this 29th day of June, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb