IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TIMOTHY POSTELL, | : |
| Petitioner | : |
| VS. | :    1 : 05-CV-96 (WLS) |
| CARL HUMPHREY, Warden, | : |
| Respondent. | : |

**ORDER**

Petitioner has filed a motion for appointment of counsel in the above-styled habeas corpus proceeding. Generally speaking, no right to counsel exists in civil actions. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers among other factors, the merits of the petitioner's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the petitioner without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the petitioner. The court on its own motion will consider assisting petitioner in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, petitioner's motion for appointment of counsel is **DENIED** at this time.

**SO ORDERED**, this 29th day of June, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb