IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY POSTELL, | : | |
| Petitioner | : | |
| VS. | : | 1 : 05-CV-96 (WLS) |
| CARL HUMPHREY, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this 28 U.S.C. § 2254 action is the respondent's Motion to Dismiss based on an untimely filing. The petitioner was convicted of theft charges in Sumter County on three (3) different occasions, in October 1993 and January 1995 based on guilty pleas, and in March 1997 following a jury trial. The petitioner received five (5) years probation on the 1993 conviction, ten (10) years probation on the 1995 conviction, and a split sentence of five (5) years to serve, five (5) years probation on the 1997 conviction. Based on yet another theft charge, petitions were entered to revoke the petitioner's probationary periods in May 2001. Following a July 2001 probation revocation hearing, the remainder of each sentence of probation was revoked. The petitioner did not file a direct appeal, but did challenge the revocation in a state habeas petition filed in the Superior Court of Mitchell County in September 2002. The state habeas court granted relief in part, finding that the superior court lacked authority to revoke petitioner's probation on the split sentence, as the petitioner was on parole on that sentence at the time of the revocation hearing. The Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and ultimately denied relief in October 2004. Petitioner filed this federal habeas petition on July 18, 2005.

The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act

("AEDPA").  Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".  The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The respondent asserts that the petitioner did not file a direct appeal of his conviction, making it final on or about August 10, 2001, the date on which the 30-day period for filing a notice of appeal expired.  Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from August 10, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner's state habeas petition was not filed until September 24, 2002, and this federal petition was not filed until July 18, 2005.

In his response to the respondent's Motion to Dismiss, the petitioner quotes various passages from the transcript of his state habeas hearings, and argues that he was not properly or timely informed of his right to appeal the probation revocation(s).  The petitioner also seems to argue that he filed a timely notice of appeal but it was incorrectly docketed in another case.  Petitioner initially raised the alleged lack of notice as to the right to appeal his revocation as a ground for relief in his state habeas petition, but later abandoned this claim.  The transcripts from petitioner's state habeas proceedings indicate that the petitioner filed a notice of appeal of the probation revocation with the trial court on August 15, 2001, and filed an actual appeal on August 29, 2001, but he ultimately dismissed the pending appeal in March 2003, in order to pursue state habeas relief.  Additional exhibits filed by the respondent show that the petitioner's August 29, 2001, filing with the trial court was entitled "Grounds for Request of Appeal"and that this was followed by a "Request for Modification of Appeal" on May

2

25, 2002. Correspondence submitted by the respondent shows that the Georgia Court of Appeals has no record of a direct appeal of petitioner's July 2001 probation revocation.

The petitioner's arguments do not overcome the fact that his varied attempts to appeal his probation revocation were filed *after* the time to appeal had expired. Despite having an additional year to have either filed this federal habeas or a state habeas petition to toll the one year period, the petitioner waited more than one year after the expiration of the time to appeal to file his state habeas petition. This federal petition, filed almost three (3) years after the filing of his state habeas petition, is clearly untimely. The court notes that the petitioner has not established any grounds for equitable tolling herein.

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of August, 2006.

 /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb