IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TIMOTHY POSTELL, | : |
| Petitioner | : |
| VS. | :     **1 : 05-CV-96 (WLS)** |
| CARL HUMPHREY, Warden, | : |
| Respondent. | : |

**ORDER AND RECOMMENDATION**

This federal habeas petition was filed by the petitioner in July 2005. On August 11, 2006, the undersigned issued a recommendation that the respondent's Motion to Dismiss be granted and that this petition be dismissed as untimely. This recommendation was adopted by the district judge to whom this matter is assigned on September 5, 2006. On February 5, 2007, the Eleventh Circuit Court of Appeals remanded the petition for further consideration, with instructions to review new evidence submitted by the petitioner for the first time on appeal, and determine whether this evidence was timely submitted and this habeas petition timely filed.

*Background*

The petitioner was convicted of theft charges in Sumter County on three (3) different occasions, in October 1993 and January 1995 based on guilty pleas, and in March 1997 following a jury trial. The petitioner received five (5) years probation on the 1993 conviction, ten (10) years probation on the 1995 conviction, and a split sentence of five (5) years to serve, five (5) years probation on the 1997 conviction. Based on yet another theft charge, petitions were entered to revoke the petitioner's probationary periods in May 2001. Following a July 2001 probation revocation hearing, the remainder of each sentence of probation was revoked.

The petitioner did not file a direct appeal, but did challenge the revocation in a state habeas petition filed in the Superior Court of Mitchell County in September 2002. The state habeas court granted relief in part, finding that the superior court lacked authority to revoke petitioner's probation on the split sentence, as the petitioner was on parole on that sentence at the time of the revocation hearing. The Georgia Supreme Court granted petitioner's application for a certificate of probable cause to appeal and ultimately denied relief in October 2004. Petitioner filed this federal habeas petition on July 18, 2005.

     The respondent filed a Motion to Dismiss based on the alleged untimely filing of this petition on September 23, 2005, contending that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The respondent asserted that the petitioner did not file a direct appeal of his conviction, that his conviction became final on or about August 16, 2001 and that pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from August 16, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was filed on September 24, 2002. In his response to the respondent's Motion to Dismiss, the petitioner argued in part that he filed a timely notice of appeal but that it was incorrectly docketed in another case. The undersigned noted that transcripts from petitioner's state habeas proceedings indicated that the petitioner filed a notice of appeal of the probation revocation with the trial court on August 15, 2001, and filed an actual appeal on August 29, 2001, but he ultimately dismissed the pending appeal in March 2003, in order to pursue state habeas relief. Additional exhibits filed by the respondent show that the petitioner's August 29, 2001, filing with the trial court was entitled "Grounds for Request of Appeal" and that this was followed by a "Request for Modification of Appeal" on May 25, 2002.

Correspondence submitted by the respondent showed that the Georgia Court of Appeals has no record of a direct appeal of petitioner's July 2001 probation revocation. The undersigned concluded that the petitioner's arguments did not overcome the fact that his varied attempts to appeal his probation revocation were filed after the time to appeal had expired, as set out by the respondent.

*Appeal*

On appeal with the Eleventh Circuit, the petitioner for the first time herein produced a copy of his "Notice of Appeal". In its decision remanding this matter for further consideration, the Eleventh Circuit found that "[b]ecause appellant now has submitted a copy of a notice of appeal from his probation revocation, which is file-stamped by the Sumter County, Georgia Superior Court on August 15, 2001, it appears that [the petitioner] timely filed an appeal from his July 17, 2001 probation revocation proceeding." Petitioner filed the copy of his notice of appeal with the Eleventh Circuit, along with copies of several other documents, on December 29, 2006.

*On remand*

The Eleventh Circuit instructs this court to "(1) review the new evidence and determine whether it was timely submitted, and (2) if the new evidence was timely submitted, reconsider the timeliness of appellant's § 2254 petition in light of this new evidence." As noted herein, the Eleventh Circuit has concluded that "it appears that [the petitioner] timely filed an appeal from his July 17, 2001 probation revocation proceeding", making further consideration of this issue unnecessary. [1]

---

[1] The undersigned does note, however, that in his filings with the Eleventh Circuit, the petitioner does not provide an explanation for his failure to produce his notice of appeal earlier in these proceedings. The respondent raised the issue of timeliness in the filing of this petition,

Taking this finding of the Eleventh Circuit that petitioner timely filed an appeal from his July 17, 2001 probation revocation proceeding, the undersigned must conclude that this federal petition was timely filed as well.  Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".  The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).  Whatever appeal the petitioner pursued remained pending until, according to his state habeas transcripts, he voluntarily dismissed it in March 2003.  Petitioner had already filed his state habeas petition in September 2002, and the state petition did not reach final resolution until October 2004.  The petitioner then waited nine (9) months to file this federal habeas petition, well before the one-year statute of limitations had run.

To the extent that this federal habeas petition is timely filed, based on the findings of the

---

which is tied to the timing of the filing and pendency of any appeal, in his motion to dismiss filed with this court on September 23, 2005.  On June 29, 2006, the undersigned directed the respondent, the party in habeas cases who routinely has greater access to the records underlying a petitioner's criminal proceedings below, to file any documentation regarding the appeal of petitioner's probation revocation and to brief the issue of the relevance of said appeal on the issue of timeliness.  The respondent filed several documents pertaining to petitioner's appeal, which included grounds for appeal filed on August 29, 2001 and amended grounds on May 25, 2002.  The petitioner filed a motion on July 24, 2006, seeking an extension of time in which to reply to the response filed by the respondent, although the petitioner never filed any additional documentation regarding his appeal before this court, nor did he provide any indication that he was in possession of the notice of appeal itself.

Eleventh Circuit Court of Appeals, it is the recommendation of the undersigned that this matter be allowed to proceed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Motion for Evidentiary hearing*

Inasmuch as it appears that petitioner's Motion for an Evidentiary Hearing is prematurely filed, as this matter has not yet proceeded past the motion to dismiss, same is hereby **DENIED**. Moreover, the court notes that the petitioner has not established the basis for the granting of an evidentiary hearing. The AEDPA provides the standards governing the power of federal courts to order an evidentiary hearing in habeas cases. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**SO ORDERED AND RECOMMENDED**, this 24th day of February, 2009.

       /s/ **Richard L. Hodge**
       RICHARD L. HODGE
       UNITED STATES MAGISTRATE JUDGE

asb