IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY POSTELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | **1 : 05-CV-96 (WLS)** |
| | : | |
| CARL HUMPHREY, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

This federal habeas petition was filed by the Petitioner in July 2005. (Doc. 3). On August 11, 2006, the Magistrate Judge to whom this matter was referred issued a Recommendation that the Respondent's Motion to Dismiss be granted and that this Petition be dismissed as untimely. (Doc. 22). This Recommendation was adopted by the Honorable W. Louis Sands, U.S. District Judge, on September 5, 2006. (Doc. 28). On February 5, 2007, the Eleventh Circuit Court of Appeals remanded the Petition for further consideration, with instructions to review new evidence submitted by the Petitioner for the first time on appeal, and determine whether this evidence was timely submitted and this habeas petition timely filed. (Doc. 40). The Eleventh Circuit concluded that "it appears that [the petitioner] timely filed an appeal from his July 17, 2001 probation revocation proceeding". *Id.* Based on this finding that the Petitioner timely filed an appeal from his July 17, 2001 probation revocation proceeding, the Magistrate Judge concluded that this federal petition was timely filed and recommended that this matter be allowed to proceed. (Doc. 50). The Honorable W. Louis Sands adopted this Recommendation on April 6, 2010. (Doc. 53).

***Motion for Evidentiary hearing***

Inasmuch as it appears that Petitioner's Motion for an Evidentiary Hearing is prematurely filed, as the Respondent has not yet filed a brief regarding the merits of this Petition, Petitioner's Motion for an Evidentiary Hearing is hereby **DENIED**. (Doc. 56). Moreover, as the Court noted in response to a previously-filed request for an evidentiary hearing, the Petitioner has not established the basis for the granting of such a hearing. The Anti-Terrorism and Effective Death Penalty Act provides the standards governing the power of federal courts to order an evidentiary hearing in habeas cases. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

***Motion to Expand the Record***

The Petitioner has filed a Motion to Expand the Record, seeking to have probation hearing transcripts dated June 11, 2001 and July 12, 2001 filed with the Court and made available to Petitioner and Respondent. (Doc. 58). Petitioner contends that these transcripts are necessary to the determination of his claims for federal habeas relief, as only a partial transcript from his 2001 probation hearing has been filed with the Court.

Pursuant to Rule 7 of the Rules Governing § 2254 Cases, "[i]f the petition is not

dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."

The Respondent is hereby ORDERED and DIRECTED to obtain copies of these transcripts, as identified by the Petitioner in his Motion to Expand the Record, file these with the Court and serve copies on the Petitioner. Petitioner's Motion to Expand the Record is to this extent **GRANTED**.

### *Motion for Appointment of Counsel*

Petitioner has filed a Motion for Appointment of Counsel in this habeas corpus proceeding. (Doc. 57). Generally speaking, no right to counsel exists in civil actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers among other factors, the merits of the petitioner's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Petitioner without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Petitioner. The Court on its own motion will consider assisting Petitioner in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** at this time.

### *Motion for Default Judgment*

The Petitioner has filed a Motion for Default Judgment, seeking default judgment against

the Respondent based on Respondent's alleged failure to provide the Petitioner with certain portions of his criminal records. (Doc. 60). The Court notes that Petitioner's Motion to Expand the Record to include the missing portions of transcripts has been granted and that the subject documents will be obtained and served by the Respondent. Inasmuch as default judgment is not an appropriate remedy in federal habeas corpus, it is the recommendation of the undersigned that Petitioner's Motion for Default Judgment be **DENIED**. *See Aziz v. Leverve*, 830 F.2d 184, 187 (11th Cir. 1987). Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

_____

The Respondent is hereby **ORDERED AND DIRECTED** to file a brief regarding the Petitioner's grounds for federal habeas relief WITHIN THIRTY (30) DAYS of the filing of this Order. The Petitioner shall have thirty (30) days after service of the Respondent's brief or memorandum to file a brief in support of his contentions.

**SO ORDERED and RECOMMENDED**, this 31st day of January, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

asb

4