IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TIMOTHY POSTELL, | : |
| | : |
| Petitioner, | : |
| | : |
| VS. | :    **1 : 05-CV-96 (WLS)** |
| | : |
| CARL HUMPHREY, Warden, | : |
| | : |
| Respondent. | : |

**RECOMMENDATION**

The Petitioner filed this federal habeas petition pursuant to 28 U.S.C. § 2254 on July 18, 2005, challenging his 2001 Sumter County probation revocation. Respondent moved to dismiss the case as untimely filed, and the motion was granted by this Court on September 5, 2006. (Docs. 9, 28). The Petitioner appealed this dismissal, and the Eleventh Circuit remanded the case for consideration of new evidence on the issue of whether the petition had been timely filed. (Doc. 40).

This matter ultimately was ordered to proceed after remand from the Eleventh Circuit by Order of the Court dated April 6, 2010. (Doc. 53). The Respondent was directed to file a brief regarding the Petitioner's grounds for habeas relief (Docs. 63, 67), and was directed to obtain copies of Petitioner's probation hearing transcripts dated June 11, 2001 and July 12, 2001, as identified by the Petitioner in his Motion to Expand the Record (Doc. 58), and then file these with the Court and serve copies on the Petitioner. (Docs. 63, 71). As set forth in the Respondent's response to the Court's Orders, the Respondent contacted the Clerk of the Superior Court of Sumter County and was informed there was no evidence of any probation revocation hearing having taken place on June 11, 2001. (Doc. 72). Respondent has filed and served on the

Petitioner copies of the transcript from Petitioner's July 17, 2001 probation revocation hearing. (Doc. 69).   Exhibits filed by the Petitioner in support of his Petition indicate that the June 11, 2001 hearing was continued multiple times and ultimately held on July 17, 2001.   (Doc. 3-2, Exhs. 1, 2).

*Background*

On October 14, 1993, Petitioner pled guilty to one count of theft by shoplifting in the Superior Court of Sumter County, and was sentenced to five (5) years on probation.   Petitioner again pled guilty to theft by shoplifting charges in the Superior Court of Sumter County in 1995 and received a sentence of ten years on probation, to run consecutively to any previously imposed sentence, and was banished from the Southwestern Judicial Circuit for the duration of the sentence.

Petitioner was indicted on a third set of theft by shoplifting charges in the Superior Court of Sumter County on September 23, 1996.   On March 26, 1997, a Sumter County jury found Petitioner guilty of theft and Petitioner was sentenced to a split ten-year sentence, five years to serve and five years on probation.   Petitioner was also banished from the Southwestern Judicial Circuit for the duration of this sentence.   Petitioner was released on parole on August 4, 1999. On May 4, 2001, petitions to revoke Petitioner's probation were filed in all three theft cases, each alleging that Petitioner had violated his probation by entering a McDonald's restaurant located in a Wal-Mart Supercenter in Americus, Georgia without permission and removing several items from a safe without permission while the store was closed.

A probation revocation hearing was held on July 17, 2001, wherein the Petitioner was represented by counsel.   The trial court found by a preponderance of the evidence that Petitioner

had violated the terms and conditions of his probation as outlined in each petition by committing a new felony offense and violating special conditions, and the trial court revoked the remainder of time to be served on each sentence.

Although he filed an appeal of the probation revocation, the Petitioner dismissed the appeal in March 2003.  Petitioner filed a state habeas corpus petition challenging the probation revocation on September 24, 2002 in the Superior Court of Mitchell County.  Following hearings, the state habeas court granted in part Petitioner's request for relief, finding that the superior court lacked authority to revoke Petitioner's probation on the 1996 split sentence.  However, the state habeas court found that the 1995 probation revocation was proper, as the trial court had authority to revoke Petitioner's probation on this future sentence in light of the 2001 amendment to O.C.G.A. § 17-10-1(a)(1).

Petitioner filed a notice of appeal and application for certificate of probable cause to appeal, which was granted by the Georgia Supreme Court on March 29, 2004.  After briefs and oral argument, the Georgia Supreme Court denied relief on October 25, 2004, and Petitioner's motion for reconsideration was denied on November 11, 2004.  *Postell v. Humphrey*, 278 Ga. 651, 604 S.E.2d 517 (2004).

## *Standard of Review*

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established

3

Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable

4

application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.   *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### *Petitioner's Habeas Claims*

In his Petition for federal habeas relief, the Petitioner sets forth three (3) grounds for relief as follows:   1) the trial court violated Petitioner's right to due process when it revoked Petitioner's probation without authority in June 2001, prior to the granting of authority by O.C.G.A. § 17-10-1(a)(1) in July 2001; 2) the trial court violated the prohibition on ex post facto laws when it revoked Petitioner's probation pursuant to O.C.G.A. § 17-10-1(a)(1) in June 2001; and 3) violation of due process and equal protection in that the Clerk of Sumter County refused to transmit the complete transcript of the probation revocation hearing for his state habeas proceedings and to the Georgia Supreme Court on appeal of the denial of the writ.   (Doc. 3, p. 5).

### *Ex post facto laws*

In Grounds 1 and 2, the Petitioner challenges the trial court's reliance on state law to revoke his probation as a violation of due process and the ex post facto clause.   Although "[p]robation revocation . . . is not a stage of a criminal prosecution, [it] does result in a loss of liberty. . . [and] a probationer . . . is entitled to [certain limited due process rights]."   *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973).   Such rights include written notice, disclosure of evidence, an opportunity to be heard and to present witnesses and evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement issued by the factfinders as to evidence relied on and reasons for revocation.   *Id.* at 786.   Petitioner's due process claim herein rests on the allegation that the trial court was without statutory authority to revoke his

5

probation, in that O.C.G.A. § 17-10-1(a)(1) was not yet in effect when Petitioner's probation revocation took place.

The trial court's reliance on O.C.G.A. § 17-10-1(a)(1) also provides the basis for Petitioner's ex post facto claim.  Pursuant to Article I, Section 10, of the United States Constitution, "[n]o State shall . . . pass any . . . ex post facto Law".  Such laws are limited to:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action.  2nd.  Every law that aggravates a crime, or makes it greater than it was, when committed.  3rd.  Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th.  Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Calder v. Bull*, 3 U.S. 386, 390 (1798), *see also Trotter v. Sec'y., Dep't. of Corrections*, 535 F.3d 1286, 1291 (11th Cir. 2008) (recognizing that list of ex post facto laws set out in *Calder* is exhaustive).

The Petitioner challenged the trial court's reliance on O.C.G.A § 17-10-1(a)(1) in his state habeas petition and the appeal thereof, and the Georgia Supreme Court issued the following findings:

> Timothy Postell is a state prisoner who filed a petition for writ of habeas corpus in which he challenged the validity of his incarceration resulting from the 2001 revocation of prospective probation sentences imposed in 1993, 1995, and 1997 for felony shoplifting convictions.  Citing OCGA §17-10-1(a)(4), the habeas court determined the revocation of the prospective probation imposed in 1997 was a violation of Postell's due process rights because, at the time of the probation revocation, Postell was on parole and in the custody of the Board of Pardons and Paroles. With regard to the revocation of the 1993 and 1995 prospective probation sentences, the habeas court concluded the trial court did

6

> not err in revoking them because the 2001 amendment to OCGA § 17-10-1(a)(1) gave the trial court authority to revoke probation that was to begin in the future.
>
> . . .
>
> [L]egislative acts which implicate the "core concern of the *Ex Post Facto* Clause" under the Georgia Constitution are those which make criminal an act which was innocent when done, inflict a greater punishment than was permitted by the law in effect at the time of the offense, require less or different evidence for conviction than that required at the time of the offense, or deprive the defendant of a substantial right or immunity he possessed at the time of the offense. . . . *See also Collins v. Youngblood*, [497 U.S. 37, 42 (1990)], limiting the types of legislative acts which implicate the ex post facto clause of the U.S. Constitution to the first four listed above . . .
>
> . . .
>
> The two factors possibly applicable to the case at bar are whether the revocation of probation inflicts a greater punishment than was permitted by the law in effect at the time of the offense, and whether the revocation of probation deprived appellant of a substantial right or immunity he possessed at the time of the offense.  Appellant received probated sentences of five and ten years for the 1993 and 1995 felony shoplifting convictions.  Revoking his probation and having him serve those terms while incarcerated did not inflict a greater punishment on him than was permitted at the times he committed the offences since he could have been sentenced in 1993 and 1995 to terms of incarceration of five and ten years for the offenses.
>
> The remaining inquiry is whether the probation revocation deprived appellant of a substantial right or immunity he possessed in 1993 and 1995.  . . . To have an *ex post facto* violation . . . in the case at bar, appellant . . . must have had a substantial right at the time [he] committed the offense[] for which [he was] given probated sentences, to receive probated sentences that could not be revoked unless the recipient committed a revocable act while serving the probated sentence.  Inasmuch as trial courts are vested with "power and authority to suspend or probate all or any part of the entire sentence . . . as the judge deems proper . . .," (OCGA § 17-10-1(a)(1), . . . appellant could [not] have had a substantial right to receive probation.  Accordingly, OCGA § 17-10-1 is not a law

>   that implicates *ex post facto* concerns . . . [and] the court which
>   denied habeas corpus relief in the case at bar did not err . . .

*Postell*, 278 Ga. at 651-653.

It does not appear, nor has Petitioner shown, that the state court decision in this matter was contrary to or an unreasonable application of federal law. The Georgia Supreme Court cited to and relied on the principles governing ex post facto laws set forth in *Collins v. Youngblood*, the clearly established law in this area, and determined that no violation of Petitioner's rights had occurred. Relying on the principles of *Collins* and its incorporation into Georgia law, the court found that the trial court's reliance on O.C.G.A § 17-10-1(a)(1) did not violate the Constitutional prohibition on ex post facto laws and did not deprive the Petitioner of a right he possessed when convicted. As noted in *Miller v. Florida*, 482 U.S. 423 (1987), "even if a law operates to the defendant's detriment, the *ex post facto* prohibition does not restrict legislative control of remedies and modes of procedure which do not affect matters of substance. Hence, no *ex post facto* violation occurs if the change in the law is merely procedural and does not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt." (internal citations omitted). The state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Therefore, Petitioner's challenge to the state court's reliance on O.C.G.A § 17-10-1(a)(1) will not support the granting of habeas relief herein.

### *Failure to state a claim*

The Respondent maintains that Ground 3 in this federal habeas petition fails to raise a valid ground for federal habeas relief. The Court agrees. This ground, wherein the Petitioner alleges

8

that the Clerk of Sumter Court failed to transmit portions of the record to the state habeas court, fails to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief.  *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").   Accordingly, this ground will not support the granting of the writ herein.

*Conclusion*

Inasmuch as the grounds for relief raised in this federal habeas Petition will not support the granting of habeas relief, it is the recommendation of the undersigned that this Petition be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 2nd day of March, 2012.

s/ **THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE