**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| TIMOTHY POSTELL, | : |
| | : |
|    Petitioner, | : |
| | : |
| v. | :   CASE NO.: 1:05-CV-96 (WLS) |
| | : |
| CARL HUMPHREY, Warden, | : |
| | : |
|    Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 2, 2012. (Doc. 73.) It is recommended that Petitioner's Petition for Habeas Corpus (Doc. 3) be denied. (Doc. 73 at 9.) The Recommendation provided the parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. (*Id.*) Petitioner's Objection to the Recommendation was filed on March 16, 2012. (Doc. 74.) As such, Petitioner's Objection was timely and will be considered by the Court.

Judge Langstaff recommends denying Petitioner's Petition for Habeas Corpus because (1) the ex post facto and due process claims relating to the revocation of his probation were addressed by Georgia courts and "the state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts," and (2) Petitioner's claim relating to a transcript fails to raise a valid ground for federal habeas relief. (Doc. 73 at 8-9.) Judge Langstaff also recommends denying a certificate of appealability. (*Id.* at 9.)

1

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes federal habeas review of any claim adjudicated on the merits by a state court unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner's claims that the revocation of his probation in July 2001 violated the Due Process Clause of the Fourteenth Amendment and the *Ex Post Facto* Clause of Article I, Section 10, of the United States Constitution were raised and addressed by the Georgia court system. *See Postell v. Humphrey*, 604 S.E.2d 517 (Ga. 2004). Petitioner claimed that, when he was sentenced, a Georgia Court of Appeals case prohibited the revocation of probated sentences that had yet to begin. *See Jones v. State*, 579 S.E.2d 827 (Ga. Ct. App. 2003), *overruled by Postell*, 604 S.E.2d 517. Petitioner argues that, since *Jones* prohibited such revocations, the trial court's revocation of his probation was a violation of the above-referenced Constitutional provisions as he had not yet begun serving the revoked probationary terms. *Id.*

"The *Jones* decision implicate[d] the constitutional provisions prohibiting *ex post facto* laws." *Postell*, 604 S.E.2d at 519. The Georgia Supreme Court noted that the *Ex Post Facto* Clause is violated only if a law is passed that "make[s] criminal an act which was innocent when done, inflict[s] a greater punishment than was permitted by the law in effect at the time of the offense, require[s] less or different evidence for conviction than that required at the time of the offense, or deprive[s] the defendant of a substantial right or immunity he possessed at the time of the offense." *Id.* at 519 (citing

2

*Collins v. Youngblood*, 497 U.S. 37, 41-42 (1990)). The *Postell* decision overruled *Jones* and found that the revocation of a probationary term that had not yet begun did not violate the *Ex Post Facto* clause because none of the four bases mentioned above had been implicated. *Id.* at 519-20. Because *Postell* overruled *Jones*, and the revocation subject of Petitioner's habeas claim therefore did not violate Georgia law, the revocation of Petitioner's probation did not constitute a violation of due process.

After *de novo* review of the record and Recommendation, the Court finds that Judge Langstaff properly concluded that *Postell v. Humphrey*, 604 S.E.2d 517 (Ga. 2004), "was [not] contrary to, [and did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; [and was not] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). The holding in *Postell* is not contrary to or an unreasonable application of any law set by the United States Supreme Court. As such, the Court is unable to entertain Petitioner's first two grounds for habeas relief. *See id.*

In his Objection, Petitioner's only complaint is that "Respondent is [sic] yet to produce the entire transcript from the June 11, 2001 Probation Hearing." (Doc. 74 at 1.) The Court agrees with Judge Langstaff that this claim is not a valid ground for federal habeas relief. (Doc. 73 at 8-9.) "Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *See Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987) (citing *Williams v. State of Missouri*, 640 F.2d 140 (8th Cir. 1981)).

A district court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the petitioner must show that reasonable jurists

would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, the Court agrees with Judge Langstaff's recommendation that a COA should be denied.

Based on the foregoing, Petitioner's Objection (Doc. 74) is **OVERRULED**, and United States Magistrate Judge Thomas Q. Langstaff's March 2, 2012 Report and Recommendation (Doc. 73) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. The Court therefore **DISMISSES WITH PREJUDICE** Petitioner's Petition for Habeas Corpus. (Doc. 3.)

**SO ORDERED**, this  2nd  day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**